IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY SCHOEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 21-00265-JB-N |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant, State Farm Fire and Casualty Company's motion for summary judgment (Doc. 29), Plaintiff Jerry Schoen's response to this motion (Doc. 33) and State Farm's reply brief (Doc. 35). The Court heard oral argument from the parties on October 18, 2022. The motion is ripe for review. After careful consideration of the parties' briefs and arguments, the Court grants State Farm's motion for summary judgment.

**I.      Factual Summary**

The Plaintiff Jerry Schoen ("Schoen") filed this lawsuit on April 23, 2021, in Mobile County Circuit Court (Doc. 1-2) which action was timely removed to this Court based on diversity of jurisdiction (Doc. 1-1). Schoen's Complaint contains two counts, one for breach of contract and one for bad faith failure to pay. Both counts relate to property damage to Schoen's residence premises, insured under a policy of homeowner's insurance issued by State Farm, arising out of Hurricane Sally on or about September 16, 2020. In response to State Farm's motion for summary judgment, Schoen has stipulated to the dismissal of his bad faith claim. (Doc. 33, PageID.669). Therefore, all that remains for disposition is Schoen's claim for breach of contract.

On February 11, 2022, Schoen filed and served his expert disclosures, naming Darrell Steward as his expert to testify regarding the reasonable and necessary costs to repair the damages caused by the hurricane. (Docs. 19 and 29-1, PageID.565-566).  Concurrent with the filing of its motion for summary judgment, State Farm filed a motion to exclude the testimony of Darrell Steward. (Doc. 28).   This Court has entered an order granting this motion concurrently with the entry of this order.

In his response to State Farm's motion for summary judgment, Schoen recognizes that his "sole ability" to prove damages in this case depend upon the admissibility of the testimony of his expert Darrell Steward. (Doc. 33, PageID.666) who is "the only witness who will be providing testimony as to the reasonable costs associated with the damages Schoen is seeking pursuant to his breach of contract claim against State Farm."  (Doc. 33, PageID.667).

## II.      Standard of Review

Summary judgment shall be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be deiced at trial." *Clark v. Coats & Clark, Inc.,* 929 F. 2d 604, 608 (11th Cir. 1991).  The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*  (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).

Once the moving party has met its burden, Rule 56 (c) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  "on the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in [his] favor."  *ThyssenKrupp Steel USA, LLC v. United Forming, Inc.,* 926 F. Supp. 2d 1286, 1290 (S.D. Ala. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (U.S. 1986)).  Nevertheless, if the nonmoving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. *Celotex,* 477 U.S. at 323.

**Legal Discussion**

In this action to recover for an alleged breach of contract under State Farm's homeowner's policy, Schoen bears the burden of proving the amount of damages; the jury cannot be left free to speculate as to this amount.  *See Coastal Plains Feeders, Inc. v. Hartford Fire Ins. Co.*, 545 F.2d 448, 453 (5th Cir. 1977); *Great Am. Ins. Co. v. R.R. Furniture Salvage of Mobile, Inc.*, 400, 162 So. 2d 488 (1964); *see also Jerkins v. Lincoln Elec. Co.*, 103 So. 3d 1, 10 (Ala. 2011) ("The award of damages cannot be made upon speculation, and the plaintiff has the burden of offering evidence tending to show, to the required degree, the amount of damages allegedly suffered.") (quoting *Johnson v. Harrison*, 404 So. 2d 337, 340 (Ala. 1981)).

This Court has concluded that the opinion testimony of Schoen's designated expert, Darrell Steward, as to the reasonable and necessary costs of repair, is inadmissible. In the absence of any admissible expert testimony as to the reasonable and necessary costs of repair of any storm-related damages to Schoen's property as a result of Hurricane Sally, Schoen is unable to establish a necessary element to his claim for breach of contract. State Farm is thus entitled to summary judgment on this claim. *See Federated Bank v. F.D.I.C.*, 645 F. App'x 853, 860 (11th Cir. 2016) (affirming district court's granting of summary judgment on breach of contract claim where there was "no evidence from which a reasonable jury could conclude without speculation" that the defendant's actions or inactions caused plaintiff to suffer any damages); *Lafitte v. Allstate Ins. Co.*, 2008 WL 11411789, at *5 (S.D. Ala. Aug. 12, 2008), *aff'd,* 322 F. App'x 842 (11th Cir. 2009) (summary judgment granted where plaintiff's projected damages were "merely his own speculative assessment, thus, it cannot be determined based on the evidence presented that [plaintiff] suffered any damages"); *Porterfield v. Flowers Baking Co. of Opelika*, 2007 WL 4373006, at *5 (M.D. Ala. Dec. 12, 2007) (granting summary judgment on breach of contract claim where plaintiff "failed to show any damages beyond mere speculation").

## **CONCLUSION**

The Court finds that there are no genuine issues of material fact and the Defendant State Farm is entitled to judgment as a matter of law on each of the Plaintiff's claims. State Farm's motion for summary judgment (Doc. 29) is granted.

**DONE and ORDERED** this 1st day of November, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE